UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL SCHWARTZ, individually and on behalf of others similarly situated,  *Plaintiff*,  v.  INSURED FOR LIFE, LLC, *et al.*,  *Defendants*. | Case No. 1:23-cv-443  Judge Jeffery P. Hopkins |

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO TAKE DISCOVERY (DOC. 25)**

Plaintiff Michael Schwartz ("Plaintiff") has filed a Motion for Leave to Take Discovery in this proposed class action against Defendants Insured for Life, LLC, and EDM Leads, LLC (together, "Defendants"). Doc. 25. Defendants have not appeared, and default has been entered against them. Doc. 24. For the reasons that follow, Plaintiff's motion is **GRANTED**.

Federal Rule of Civil Procedure 26(d)(1) governs the timing of discovery and provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Fed. R. Civ. P. 26(d)(1). Courts considering whether to open discovery before the Rule 26(f) conference typically ask whether there is good cause to justify such early discovery. *See Obeidallah v. Anglin*, No. 2:17-cv-720, 2018 WL 6715372, at *2 (S.D. Ohio Dec. 21, 2018) (applying good cause standard to motion requesting early discovery); *Wilson v. Gordon*, No. 3:14-1492, 2014

WL 12788888, at *3 (M.D. Tenn. Aug. 14, 2014) (same); *see also* 8A Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 2046.1 ("Although [Rule 26] does not say so, it is implicit that some showing of good cause should be made to justify such an order, and courts presented with requests for immediate discovery have frequently treated the question whether to authorize early discovery as governed by a good cause standard.") "Good cause may be found where the plaintiff's need for expedited discovery outweighs the possible prejudice or hardship to the defendants." *Wilson*, 2014 U.S. Dist. LEXIS 205165, 2014 WL 12788888, at *3. The burden for demonstrating good cause rests with the party seeking the expedited discovery. *Skylink Ltd. v. UniTek Glob. Servs., Inc.*, No. 3:13-cv-02103, 2014 WL 104896, at *1 (N.D. Ohio Jan. 9, 2014).

Courts have found good cause to open discovery after entry of default where a plaintiff seeks information to ascertain the amount of damages to be assessed against the defaulting defendant. *Obeidallah*, 2018 WL 6715372, at *5; *see also Twitch Interactive, Inc. v. Johnson*, No. 16-cv-03404, 2017 WL 1133520, at *2 (N.D. Cal. Mar. 27, 2017) ("Good cause may also exist in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence to establish damages."). In the putative class action context, good cause to permit discovery after entry of default has also been found where, "absent limited discovery to obtain information relevant to the issues of class certification and damages, [the plaintiff] cannot pursue his claims in this action. Since [the defendant] has not appeared in this action and is in default, [the plaintiff] is effectively precluded from engaging in a Rule 26(f) conference." S*heridan v. Oak Street Mortg.*, LLC, 244 F.R.D. 520, 522 (E.D. Wis. 2007).

Plaintiff asserts that good cause exists to permit him to proceed with discovery in order to establish the propriety of class certification and damages. Doc. 25, PageID 145. Applying the good cause standard, the Court finds that, without discovery to obtain information relevant to those issues, Plaintiff would be unable to litigate its case to its conclusion. Given Defendants failure to appear in this action and the entry of default against them, Plaintiff is effectively precluded from engaging in a Rule 26(f) conference. Good cause therefore exists to allow early discovery in this case.

For these reasons, Plaintiff's Motion for Leave to Take Discovery (Doc. 25) is **GRANTED**. Plaintiff may engage in limited discovery reasonably calculated to lead to the discovery of admissible evidence on the issues of class certification and damages.

By June 13, 2024, Plaintiff shall file a proposed case management order that sets a timeline for discovery and for filing any anticipated motions for class certification and default judgment.

**IT IS SO ORDERED.**

Dated: May 31, 2024

Hon. Jeffery P. Hopkins
United States District Judge